STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
                  )SS:
COUNTY OF MARION    )    CAUSE NO.   49D12 15 11 PL 037874

PRECISION RINGS, INC.,

        Plaintiff,

    v.

WRIGHTSPEED, INC.,

        Defendant.

**FILED**

(182)  NOV 1 3 2015

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating  <u>X</u>    Responding  _____    Intervening  ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of parties: <u>Precision Rings, Inc.</u>
   Address of party: <u>5611 Progress Road, Indianapolis, IN 46241</u>
   Telephone # of party: <u>(317) 247-4786</u>

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: <u>George A. Gasper</u>    Atty Number: <u>24466-41</u>
   Address: <u>ICE MILLER LLP, One American Square, Suite 2900</u>
   <u>Indianapolis, IN 46282</u>
   Phone: <u>(317) 236-2275</u>
   FAX: <u>(317) 592-4665</u>
   Email Address: <u>george.gasper@icemiller.com</u>

   Name: <u>Mark R. Alson</u>    Atty Number: <u>27724-64</u>
   Address: <u>ICE MILLER LLP, One American Square, Suite 2900</u>
   <u>Indianapolis, IN 46282</u>
   Phone: <u>(317) 236-2263</u>
   FAX: <u>(317) 592-8527</u>
   Email Address: <u>mark.alson@icemiller.com</u>

3. This is a <u>PL</u> case type as defined in administrative Rule 8(B)(3).

---

Exhibit 2

4.  I will accept service by:
    FAX at the above noted number:   Yes _____ No __X____
    Email at the above noted number:   Yes _____ No __X____

5.  This case involves child support issues. Yes ____ No _X__

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ____ No _X__

7.  This case involves a petition for involuntary commitment.  Yes ____ No ___X____

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment: _N/A_

9.  There are related cases: Yes ____ No ___X___

10. Additional information required by local rule: _N/A_____

11. There are other party members: Yes ____ No __X___

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes _X____  No___

Respectfully submitted,

_Mark Alson_____
George A. Gasper (#24466-41)
Mark R. Alson (#27724-64)
(Attorney information shown above)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been sent via certified mail, return receipt requested, on the 13th day of November, 2015, addressed to:

Wrightspeed, Inc.
c/o Ian Wright, its Registered Agent
2540 Junction Avenue
San Jose, CA 95134

_Mark Alson_____

I\7357896.1

2

STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
    )SS:
COUNTY OF MARION    )    CAUSE NO.    49D12 15 11 PL 037874

PRECISION RINGS, INC.,

    Plaintiff,

v.

WRIGHTSPEED, INC.,

    Defendant.

FILED

NOV 13 2015

(239)

Myla a. Eldridge
CLERK OF THE MARION CIRCUIT COURT

## PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION HEARING DATE AND MOTION FOR EXPEDITED DISCOVERY

Plaintiff, Precision Rings, Inc. ("Precision Rings"), by counsel, requests that the Court schedule this matter for a preliminary injunction hearing at the Court's convenience approximately thirty-one to forty days from the date of this Motion (on or around December 14, 2015 to December 23, 2015), and order expedited discovery. In support thereof, Precision Rings states:

1.    Precision Rings has filed its Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages (the "Complaint") on November 13, 2015 against Defendant Wrightspeed, Inc. ("Wrightspeed"). The Complaint alleges that Wrightspeed is in violation of a Nondisclosure Agreement with Precision Rings and seeks, among other things, a preliminary injunction compelling Wrightspeed to comply with its ongoing obligations.

2.    Also on November 13, 2015, Precision Rings served its First Set of Interrogatories and Requests for Production on Wrightspeed, which Precision Rings reasonably anticipates will further establish that Wrightspeed continues to engage in prohibited wrongful conduct that is causing threatened and actual irreparable harm to Precision Rings. To present this Court with the proper evidence regarding its claims for injunctive relief and to protect its

legitimate business interests from further irreparable harm, Precision Rings needs to expeditiously obtain discovery from Wrightspeed. The discovery responses will be critical to present the Court with an accurate presentation of Precision Rings' claims, and the injuries Precision Rings has suffered and will continue to suffer as a result of Wrightspeed's activities.

3.      Precision Rings requests that Wrightspeed be ordered to respond to First Set of Interrogatories and Requests for Production such that Precision Rings actually receives the responses to the First Set of Interrogatories and Requests for Production (and documents responsive thereto) no later than 5:00 p.m. eastern time on Monday, November 30, 2015 – seventeen calendar days after this request.

4.      As the expedited discovery proceeds, Precision Rings will further work with Wrightspeed and its counsel to establish an appropriate briefing schedule in advance of the hearing.

5.      Precision Rings anticipates that the hearing will likely require a half-day of testimony and argument.

WHEREFORE, Precision Rings respectfully requests that the Court schedule a half-day preliminary injunction hearing at the Court's earliest convenience between the dates of December 14, 2015 to December 23, 2015, and order Wrightspeed to provide its discovery responses on an expedited basis.

Respectfully submitted,

ICE MILLER LLP

*Mark Alson*

George A. Gasper (#24466-41)
Mark R. Alson (#27724-64)

*Counsel for Plaintiff, Precision Rings, Inc.*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
george.gasper@icemiller.com
mark.alson@icemiller.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served upon the following by certified mail, return receipt requested, on the 13th day of November, 2015:

Wrightspeed, Inc.
c/o Ian Wright, its Registered Agent
2540 Junction Avenue
San Jose, CA 95134

*Mark Alson*

3

STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
    )SS:
COUNTY OF MARION    )    CAUSE NO. 49D12-1511-PL-037874

PRECISION RINGS, INC.,

    Plaintiff,

    v.

WRIGHTSPEED, INC.,

    Defendant.

## PRECISION RING'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO WRIGHTSPEED

Pursuant to Indiana Rules of Trial Procedure 33 and 34, Plaintiff, Precision Rings, Inc. ("Precision Rings"), by counsel, hereby requests that Defendant, Wrightspeed, Inc. ("Wrightspeed"), answer each of the following Interrogatories and respond to each Request for Production within thirty (30) days of service of these requests, or such earlier date as the parties may agree or as set by the Court. Each Interrogatory shall be answered separately and fully, in writing and under oath. All documents responsive to each Request for Production, moreover, shall be made available for inspection at the offices of ICE MILLER LLP, One American Square, Suite 2900, Indianapolis, Indiana 46282-0200 within thirty (30) days of receipt of these requests, or such earlier date as the parties may agree or as set by the Court.

## INSTRUCTIONS

1.    The requests set forth below are continuing in nature, so as to require you to serve supplemental answers, pursuant to Indiana Rule of Trial Procedure 26(E), if you obtain further or different information after the answers and documents are served.

2.      Each request seeks information and/or documents in your possession, custody, or control, which includes your personal knowledge/files as well as the knowledge/files of your agents, representatives, and, unless privileged, your attorneys.

3.      If you withhold any information responsive to any Interrogatory under a claim of privilege or other exemption from discovery, you are required to provide the following information: (1) the source of the information or communication; (2) the identity of all person(s) with whom the information or communication was shared; (3) the date the information was shared and/or communicated; (4) the form of the communication (e.g., oral, written, letter, memorandum, etc.); (5) the identity of each person who had access to, custody, possession or control of such communication or information; and (6) the basis for your claim of privilege.

4.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced and describe with particularity those portions of the document not being produced.  If you withhold any document from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and provide a list giving the following information with respect to each document withheld: (a) title of the document; (b) the name and title of the author and/or sender and the name and title of the recipient, and all others who received copies (including cc and bcc recipients); (c) the date of the document's origination; (d) the name of each person or persons participating in the preparation of the document; (e) the type of document (e.g., handwritten note, memorandum, correspondence, journal, desk calendar, etc.); (f) any information which might be necessary to describe such document sufficiently for a designation thereof; and (g) the basis for the claim of privilege.

5. You are required to produce the original of each document requested below or if the original is not in your custody, then a copy thereof. All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof. Documents should be produced in a manner that ensures that the source of each document can be determined. Documents attached to each other should not be separated.

6. Electronically stored information should be produced in an intelligible format or together with a sufficient description of the system or program from which it was derived to permit rendering the material intelligible. Defendants should also contact undersigned counsel as soon as practicable to discuss a mutually-agreeable protocol regarding the load-file(s) and metadata to be included with any production. As stated below, the term "documents" specifically includes, but is not limited to, e-mail communications and other electronic records.

## DEFINITIONS

1. "Defendant," "you," "your," and/or "Wrightspeed" means Defendant, Wrightspeed, Inc., any of its owners, employees, consultants, agents, attorneys, directors, officers, other representatives, and all other persons acting under its control or on its behalf, as well as its insurers.

2. "Precision Rings" means Plaintiff, Precision Rings, Inc., any of its employees, consultants, agents, attorneys, directors, officers, other representatives, and all other persons acting under its control or on its behalf.

3. "Complaint" means Plaintiff's Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages filed in Marion County Superior Court and/or any subsequent amended complaint. Where a request refers to a specific paragraph in the Complaint, the request includes any substantially similar paragraph in any subsequent amended complaint.

3

4.      "Document" is defined to be synonymous and equal in scope to usage of the term "documents or electronically stored information" in Indiana Rule of Trial Procedure 34(A), and shall include all Documents regardless of whether they exist in paper or electronic format.  A copy or duplicate of a document which has any non-conforming notes, marginal annotations, or other markings, and any preliminary version, draft, or revision of the foregoing is a separate document within the meaning of this term.  Document(s) include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, ledger, chart, journal, calendar, minutes, working paper, financial report, accounting report, canceled check, work papers, teletype message, facsimile, directory, computer disk or tape, or video or audio recording such as a tape, CD, or DVD.  Document(s) also include the file, folder tabs, and labels appended to or containing any Documents.

5.      "Communication" means any oral or written communication and includes, but is not limited to, meetings, letters, memoranda, notes, diaries, calendars, telecopies, telefaxes, telegrams, telephone calls, agreements, contracts, understandings, electronic mail, text or instant messages, books, articles, brochures, pamphlets, or other published or transmitted oral or written material.

6.      "Confidential Information" includes the definition used in paragraph 1 of the Nondisclsoure Agreement between Precision Rings and Wrightspeed dated January 11, 2015, and attached as Exhibit A to the Complaint.

7.      The terms "refer" and "relate to" are used as a means of requesting information or documents that constitute, comprise, consist of, contain, evidence, set forth, propose, show, disclose, describe, discuss, mention, explain, summarize, reflect, deal with, identify, analyze,

4

demonstrate, or in any way address, involve, regard, pertain to, touch upon, affect, or concern, in whole or in part, the subject matter of the relevant request for production.

8.     As applied to a business, the term "identify" means to state the business's full name, address, and telephone.  As applied to a person, the term "identify" means to state the person's full name and last known business affiliation, business address, business telephone, home address, and home telephone.  As applied to a document, the term "identify" means to state the date on which the document was created, to identify the document's author and recipients, and to describe generally the contents of the document.

9.     Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request unless otherwise specified.

10.    The word "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed outside its scope.

11.    To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the sentence would indicate.

## INTERROGATORIES

**INTERROGATORY NO. 1.**     Identify every person who provided information used to prepare responses to these Interrogatories, and for each such person, identify the specific Interrogatory or Interrogatories for which such person provided information.

**ANSWER:**


**INTERROGATORY NO. 2.**     Identify each document containing any design information, part engineering drawings, or other Confidential Information transmitted, delivered, disclosed or otherwise made available to you by, through or on behalf of Precision Rings.

5

**ANSWER:**

**INTERROGATORY NO. 3.**     Identify (i) each person or entity to which you disclosed (in whole or in part) any of Precision Rings' design information, part engineering drawings, or other Confidential Information and identify (ii) the date and specific design information, part engineering drawings, or other Confidential Information that was so disclosed.

**ANSWER:**

**INTERROGATORY NO. 4.**     Identify every employee of Wrightspeed who received (in whole or in part) Precision Rings' design information, part engineering drawings, or other Confidential Information and identify the specific design information, part engineering drawings, or other Confidential Information that was disclosed to such employee, and state the date upon which such disclosure was made to each such employee.

**ANSWER:**

**INTERROGATORY NO. 5.**     Identify each Document containing Precision Rings' design information, part engineering drawings, or other Confidential Information which you have deleted or otherwise destroyed, and state when such deletion or destruction occurred.

**ANSWER:**

**INTERROGATORY NO. 6.**     Identify each and every individual who you may call as a witness at any hearing in this matter, and describe the substance of each such individual's knowledge of the relevant facts of this case and their anticipated testimony.  Include in your response the identity of any expert witnesses who may offer testimony or other evidence in this

6

matter, and for each expert witness state: (i) the subject matter on which the expert is expected to testify; (ii) the substance of the facts and opinions to which the expert is expected to testify; and (iii) summarize the grounds for each opinion.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**    All Documents that you may or intend to rely upon at any hearing in this matter.

**RESPONSE:**

**REQUEST NO. 2.**    All Documents identified in, or relevant to, your response to any of the above-referenced Interrogatories.

**RESPONSE:**

**REQUEST NO. 3.**    All Documents relating to any Communication with Precision Rings.

**RESPONSE:**

**REQUEST NO. 4.**    All Documents relating to any Communications you had with any person or entity other than Precision Rings related to any design information, part engineering drawings, or other Confidential Information of Precision Rings.

**RESPONSE:**

**REQUEST NO. 5.**      Any and all Documents or Communications relating to any attempts or efforts of Wrightspeed to protect any alleged Precision Rings trade secrets or Confidential Information, including but not limited to any Document retention policies, computer technology policies, any program or policy which describes or evidences an effort to protect Confidential Information, or any Document which describes the individuals whom have access to Confidential Information.

**RESPONSE:**


**REQUEST NO. 6.**      Any and all Documents or Communications relating to any non-privileged Communications you have had with any person (including but not limited to any Wrightspeed employee) regarding Precision Rings or any of the allegations in the Complaint.

**RESPONSE:**

Respectfully submitted,

ICE MILLER LLP

_George A. Gasper_

George A. Gasper (#24466-41)
Mark R. Alson (#27724-64)

*Counsel for Plaintiff, Precision Rings, Inc.*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
Fax: (317) 236-2219
george.gasper@icemiller.com
mark.alson@icemiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been sent via certified mail, return receipt requested, on the 13th day of November, 2015, addressed to:

Wrightspeed, Inc.
c/o Ian Wright, its Registered Agent
2540 Junction Avenue
San Jose, CA 95134

_George Gasper_

9

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO.   49D12 15 11 PL 037874 |

PRECISION RINGS, INC.,

      Plaintiff,

v.

WRIGHTSPEED, INC.,

      Defendant.

**FILED**

(269)  NOV 16 2015

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## ORDER SETTING PRELIMINARY INJUNCTION HEARING DATE AND EXPEDITED DISCOVERY

Plaintiff, Precision Rings, Inc. ("Precision Rings"), having filed its Request for Preliminary Injunction Hearing Date and Motion for Expedited Discovery, and the Court being duly advised, hereby GRANTS the Motion.

It is THEREFORE ORDERED, ADJUDGED and DECREED that the hearing on Precision Rings' request for a preliminary injunction shall be held on December _9th_, 2015 at _1_ :_30_ _p_ .m. The Court allots _3_ hours for the hearing.

It is FURTHER ORDERED, ADJUDGED and DECREED that Wrightspeed respond to the First Set of Interrogatories and Requests for Production such that Precision Rings actually receives the responses to the First Set of Interrogatories and Requests for Production (and documents responsive thereto) no later than 5:00 p.m. eastern time on Monday, November 30, 2015.

Date: _11/10/15_           _____

                            Judge, Marion County Superior Court

NOV 17 2015

Distribution to:

George A. Gasper
Mark R. Alson
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282

Wrightspeed, Inc.
c/o Ian Wright, its Registered Agent
2540 Junction Avenue
San Jose, CA 95134

STATE OF INDIANA     )        IN THE MARION COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF MARION    )        CAUSE NO. 49D12-1511-PL-037874

PRECISION RINGS, INC.,        )
                         )
          Plaintiff,      )
                         )
       v.             )
                         )
WRIGHTSPEED, INC.         )
                         )
         Defendant.     )

FILED

NOV 2 4 2015

CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE FORM (CIVIL)
### RESPONDING PARTY

1.    Please enter my appearance for:   **Defendant, Wrightspeed, Inc.**

2.    Attorney information (as applicable for service of process):

     Name:      Matthew D. Bruno        Atty. Number:   27043-49
     Address:   Kightlinger & Gray, LLP     Phone: 317/638-4521
                One Indiana Square, Suite 300   FAX:  317/636-5917
                211 North Pennsylvania Street   Computer address:
                Indianapolis, Indiana 46204     mbruno@k-glaw.com

3.    Will responding party accept FAX service: Yes ____ No  X

4.    Additional information required by state or local rule:

                Respectfully submitted,

                KIGHTLINGER & GRAY, LLP

     By  _____
                Matthew D. Bruno, ID No. 27043-49
                Attorneys for Defendant

NOV 2 4 2015

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the forgoing was served by First Class Mail on counsel of record this _____ day of November, 2015, to:

George A. Gasper
Mark R. Alson
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282

_____
Matthew D. Bruno

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521

STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
    )SS:
COUNTY OF MARION    )    CAUSE NO. 49D12 15 11 PL 037874

PRECISION RINGS, INC.,

        Plaintiff,

    v.

WRIGHTSPEED, INC.,

        Defendant.

FILED

86  NOV 3 0 2015

*[signature]*

CLERK OF THE MARION CIRCUIT COURT

## STIPULATION AND [PROPOSED] ORDER EXTENDING DATES

WHEREAS, Plaintiff Precision Rings, Inc. filed a complaint in the above referenced matter for injunctive relief, declaratory judgment, and damages, against defendant Wrightspeed, Inc. on November 13, 2015;

WHEREAS, Plaintiff filed a request for a preliminary injunction hearing date and motion for expedited discovery on November 13, 2015;

WHEREAS, Plaintiff served via certified mail (and e-mail) its first set of interrogatories and requests for production on Wrightspeed on November 13, 2015;

WHEREAS, the Court issued on November 16, 2015 an order granting plaintiff request for a preliminary injunction hearing and setting the hearing for December 9, 2015 at 1:30 p.m., and requiring Wrightspeed to respond to the discovery requests by 5:00 p.m. on Monday, November 30, 2015.

WHEREAS, the parties are engaged in good faith settlement discussions; and

WHEREAS, the parties have agreed to extend the above referenced dates to allow for those settlement discussions to proceed.

IT IS HEREBY STIPULATED by and between plaintiff Precision Rings and defendant Wrightspeed as follows:

1.  The deadline for defendant Wrightspeed to respond to plaintiff's complaint is extended until December 14, 2015.

NOV 2 5 2015

NOV 3 0 2015

2. The deadline for defendant Wrightspeed to respond to plaintiff Precision Rings' first set of interrogatories and requests for production is extended from 5:00 p.m. on November 30, 2015 to 5:00 pm on December 14, 2015;

3. The hearing on plaintiff Precision Rings' motion for preliminary injunction should be continued from December 9, 2015 at 1:30 p.m. The parties request the hearing be reset to January 6, 2015 at 1:30 p.m. or as soon thereafter as it can be heard by the Court; and

4. This stipulation shall not prejudice the right of defendant Wrightspeed to seek to remove this case to federal court, and Precision Rings agrees not to use the parties' entry into this stipulation as a basis to challenge any such removal.

IT IS SO STIPULATED.

Respectfully Submitted,

ICE MILLER LLP

Dated: November 24, 2015

*George Gasper*
George A. Gasper (#24466-41)
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
george.gasper@icemiller.com

*Counsel for Plaintiff, Precision Rings, Inc.*

KIGHTLINGER & GRAY, LLP

Dated: November 24, 2015

/s/ Matthew D. Bruno
Matthew D. Bruno (#27043-49)
211 N. Pennsylvania Street, Suite 300
Indianapolis, IN 46204
mbruno@k-glaw.com

*Counsel for Defendant, Wrightspeed, Inc.*

**PURSUANT TO SAID STIPULATION, THE COURT ORDERS AS FOLLOWS**:

1. Defendant Wrightspeed shall have until December 14, 2015 to respond to the plaintiff Precision Ring's complaint;

2. Defendant Wrightspeed shall have until December 14, 2015 to respond to plaintiff Precision Ring's first set of interrogatories and requests for production;

3. The hearing on plaintiff Precision Ring's motion for preliminary injunction shall take place on January 19, 2016 at 1:00 p.m.;

4. The parties' entry into this stipulation shall not prejudice the right of defendant Wrightspeed to seek to remove this case to federal court.

IT IS SO ORDERED.

Date: _____11-30-15_____           _____Carye F Dee ng_____

                                   Judge, Marion County Superior Court